IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA M. GIBSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:13-CV-01575-B-BK |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Upon consideration of the Commissioner's motion to dismiss [Doc. 11], the Court finds the motion has merit and should be **GRANTED**.

On April 23, 2013, Plaintiff, proceeding without the assistance of counsel, filed her complaint seeking review of the denial of disability benefits. [Doc. 3]. Plaintiff claims that the decision of the Administrative Law Judge was not supported by substantial evidence. [Doc. 3, *passim*; Doc. 12 at 1].

In her motion to dismiss, Defendant contends that the complaint was filed outside of the period of limitations. [Doc. 11 at 2-4]. Defendant also argues that equitable tolling of the limitations period is not warranted under the facts of the case. *Id.* at 4-5.

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] is a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The 60-day period begins when notice is received by the claimant. *See* 20 C.F.R. §§ 404.981, 422.210(c). There is a presumption that the claimant received the notice "five days after the date

of such notice," which the claimant may rebut by making a "reasonable showing to the contrary." 20 C.F.R. §§ 404.901, 422.210(c). If the claimant successfully rebuts the presumption, the burden shifts to the Secretary to establish that the claimant received actual notice. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) (citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)).

Here, it is uncontroverted that the Appeals Council notified Plaintiff in a letter dated January 25, 2013, of its decision to deny her request for review of the ALJ's decision. [Doc. 11-3 at 1-4]. The letter explained that the ALJ's decision was thus the final decision of the Commissioner of Social Security, and that Plaintiff had 60 days from the receipt of the letter to file a civil action in United States District Court. *Id*. at 1-2. Plaintiff also has not disputed that she received the letter within the five-day presumptive period; thus, the deadline for filing this action was April 1, 2013 (60 days, plus five business days, after January 25, 2013). Consequently, this action was untimely filed on April 23, 2013.

However, the 60-day limitations period is not jurisdictional, and thus, it is subject to equitable tolling. *Flores v. Sullivan*, 945 F.2d at 109, 113 (5th Cir. 1991) (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)). Although Plaintiff does not directly assert that equitable tolling is warranted here, she states in her response to Defendant's motion to dismiss:

> I am not an attorney and I don't know the statute of limitations on this case when fraud is involved. Very malicious things have been done to me for a much extended period of time. There should be no statute of limitations on fraud and the fact of holding back the truth of a patient's medical files should be taken very seriously and the federal court should have the last say. Thank the Lord.

[Doc. 12 at 1]. However, "lack of knowledge of applicable filing deadlines. . . unfamiliarity with the legal process. . . lack of representation. . . [or] ignorance of legal rights" generally does not

2

justify equitable tolling.  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (internal citations omitted).

Plaintiff also suggests that the delay was due to her former representatives' retention of medical files supporting her claims.  [Doc. 12 at 1, 4, 15-18].  However, Plaintiff has not explained how this delay prevented her from filing this action within the prescribed time period.  Indeed, her complaint suggests that she intends to offer medical records in support of her claim only at some future point in the case: "[m]y exhibits will include paper medical records, MRI's, X-rays, cd recordings, Dr. Notes, nurse notes, physical therapist notes, audio recordings, emails etc." [Doc. 3 at 1].  Nothing in the allegations contained in the complaint suggests Plaintiff's reliance on the actual medical records in drafting it.  Thus, Plaintiff has failed the carry her burden of showing that the 60-day deadline for filing this suit should be equitably tolled.  *See Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989) (plaintiff must "demonstrate sufficient diligence in bringing her claim to warrant the application of equitable principles. . . [E]quity is not intended for those who sleep on their rights").

Accordingly, it is **RECOMMENDED** that the Commissioner's motion be **GRANTED**, and Plaintiff's complaint be **DISMISSED** with prejudice.

SIGNED on September 16, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE